UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA KIERSTAN TANET                    CIVIL ACTION

VERSUS                                 NO: 09-6779

USAA INSURANCE COMPANY                 SECTION: B(4)

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 15) and Defendant's opposition thereto (Rec. Doc. No. 18).

For the following reasons, Plaintiff's Motion to Remand (Rec. Doc. No. 15) is hereby **GRANTED.**

On August 30, 2009, Plaintiff filed suit against USAA Casualty Insurance Company (USAA) in Civil District Court for the Parish of Orleans, State of Louisiana. (Rec. Doc. No. 1-2) Plaintiff alleged that she sustained property damage as a result of Hurricane Gustav, and sought payment under a policy of homeowner's insurance issued to her by USAA.  (Rec. Doc. No. 1-2) Defendant timely filed a Notice of Removal on October 13, 2009, alleging that diversity jurisdiction exists in accordance with 28 U.S.C. § 1332.  (Rec. Doc. No. 1)

Plaintiff does not dispute that complete diversity exists under 28 U.S.C. § 1332, as the litigants are citizens of different states. (Rec. Doc. No. 15 p. 2 ¶ 6) However, Plaintiff argues that her claims do not meet the $75,000 "amount in controversy" requirement of 28 U.S.C. § 1332.  (Rec. Doc. No. 15-1 p. 2) Plaintiff argues that her petition is unambiguous in that it does

not allege facts that would support an award in excess of $75,000. (Rec. Doc. No. 15-1 p. 3) Assuming arguendo that Plaintiff's petition is ambiguous as to the amount of recoverable damages, Plaintiff contends that this ambiguity was resolved when she filed a post-removal affidavit indicating that the amount in controversy is less than $75,000. (Rec. Doc. No. 15-1 p. 3); (Rec. Doc. No. 15-2) Plaintiff asserts that USAA removed this case based solely on its unsworn self-serving conclusory allegations that the amount in controversy exceeds $75,000. (Rec. Doc. No. 15-1 p. 2)

Defendant contends that it is facially apparent from Plaintiff's petition that her claims likely exceeded $75,000 at the time of removal. (Rec. Doc. No. 18 p. 7) Defendant argues that it made this assessment based on Plaintiff's representation that a tree fell on her roof, damaged it, and caused water intrusion in her home. (Rec. Doc. No. 18 p. 4) Further, Defendant asserts that Plaintiff claimed additional living expenses for an evacuation of "several weeks," debris removal, and "consequential damages resulting from the covered loss." (Rec. Doc. No. 18 p. 4) Defendant additionally contends that Plaintiff claimed entitlement to damages, costs, and attorney's fees. (Rec. Doc. No. 18 p. 4) Lastly, Defendant argues that the limit of Plaintiff's homeowner's insurance policy alone far exceeds $ 75,000. (Rec. Doc. No. 18 p. 5) Based on these facts, Defendant contends that it was facially apparent from Plaintiff's petition at the time of removal that the

2

amount in controversy likely exceeded $75,000, and therefore this Court may properly exercise diversity jurisdiction over the matter. (Rec. Doc. No. 18 p. 5)

Motions to remand to state court are governed by 28 U.S.C. §1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Cohen v. Safeco Ins. Co.*, No. 08-707, 2008 WL 1730537, at *1 (E.D. La. Apr. 9, 2008). The removing party bears the burden of showing that federal jurisdiction exists and therefore that removal was proper. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Pro. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of monetary damages. *See* La. C.C.P. art 893(A)(1). When a plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires that the removing defendant prove by a preponderance of the evidence that the amount in

3

controversy exceeds $75,000. *Simon v. Wal-mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. A defendant may satisfy this burden in one of two ways: 1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or 2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit, that support a finding of the requisite amount. *Allen,* 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Where the "facially apparent" test is not met, the Fifth Circuit has held that a court may consider summary-judgment type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336. If the amount in controversy is ambiguous at the time of removal, the court may consider a post-removal stipulation or affidavit to determine the amount in controversy at the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescardores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is

proper.)   However, where the amount in controversy is clear from the face of the petition, post-removal stipulations and affidavits purporting to reduce the amount of damages a plaintiff seeks cannot deprive a court of diversity jurisdiction.  *Gebbia*, 233 F.3d at 883.

Where a cause of action stems from damages sustained in a hurricane, district courts in the Fifth Circuit have held that it is not facially apparent that the amount in controversy exceeds $75,000 where plaintiff does not allege a specific amount of damages.[1]  Additionally, courts have found that the facially apparent requirement is not satisfied where plaintiff does not allege facts from which the amount in controversy can be reasonably inferred, such as by claiming specific injuries, seeking insurance policy limits, or claiming that the hurricane resulted in a total loss.[2]

In the instant case, the Plaintiff did not allege a specific amount of damages in her state court petition. (Rec. Doc. No. 1-2) Furthermore, Plaintiff does not allege that she is seeking insurance policy limits or that the hurricane resulted in total destruction of her property. (Rec. Doc. No. 1-2)  The only evidence

---

[1] *Gale v. USAA Cas. Ins. Co.*, No. 08-4946, 2009 WL 2447841, at * 2 (E.D. La. Aug. 6, 2009); *Cohen v. Safeco Ins. Co.*, No. 08-707, 2008 WL 1730537, at * 2 (E.D. La. Apr. 9, 2008)

[2] *See Cullota v. State Farm and Cas. Co.*, No. 2007 WL 954781, at * 1 (E.D. La. Mar 27, 2007) (denying remand because plaintiffs sought insurance policy limits in excess of $75,000 for hurricane damage that resulted in a total loss).

offered by Defendant outside of Plaintiff's petition is an affidavit by Gary Taylor, a USAA field general adjuster, which states that the limits of Plaintiff's USAA homeowner's insurance policy exceed $75,000. (Rec. Doc. No. 18-1) However, because Plaintiff does not allege that she is seeking insurance policy limits, this evidence does not establish that the amount in controversy exceeds $ 75,000. Therefore, it is not facially apparent that the amount in controversy exceeds $75,000.

Although Plaintiff's petition is ambiguous as it relates to damages, Plaintiff's post-removal affidavit establishes that the amount in controversy is less than $75,000.  A plaintiff may, through a post-removal affidavit, affirmatively renounce his right to collect damages in excess of the $75,000 threshold amount for diversity jurisdiction. *See Davis v. State Farm Fire & Cas.*, Nos. 06-0560, 06-0596, 06-0830, 06-0831, 06-1090, 06-1091, 06-1092, 06-1242, 06-1597, 2006 WL 1581272 at * 2, 4 (E.D. La. June 7, 2006); *Smith v. State Farm Mut. Auto. Ins. Co.,* No. 09-6522, 2010 WL 3070399 at *1-2 (E.D. La. Aug. 3, 2010).

Plaintiff's post-removal affidavit states that the aggregated monetary damages against USAA including penalties, attorney's fees, and any other damages are less than $75,000. (Rec. Doc. No. 15-2 p. 1) Plaintiff further states that she affirmatively and knowingly waives any entitlement to damages, including penalties, attorney's fees, and any other damages in excess of $74,999.99. (Rec. Doc. No. 15-2 p. 2) Finally, Plaintiff states that she will not accept or

enforce any judgment in excess of $74,999.99. (Rec. Doc. No. 15-2 p. 2) As this is clearly a renunciation of Plaintiff's right to accept a judgment in excess of $75,000, Plaintiff's post-removal stipulation is sufficient to establish that the amount in controversy is less than $75,000. Because this Court does not have subject matter jurisdiction, this case must be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

For the foregoing reasons, Plaintiff's Motion to Remand (Rec. Doc. No. 15) is **GRANTED**.

New Orleans, Louisiana, this 4th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE